IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **KENNITH EARL GEORGE,** **#233177,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   Case No. 2:21-cv-566-MHT-CWB |
| **CO HAGLER, et al.,** | ) ) ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Kennith Earl George, acting *pro se*, filed this action in August 2021 pursuant to 42 U.S.C. § 1983. (Doc. 1). Defendants thereafter filed a Special Report and Answer with supporting evidentiary materials denying Plaintiff's claims. (Docs. 13, 25, 28). Accordingly, on February 8, 2022, the court issued an Order directing Plaintiff to respond to Defendants' materials by March 11, 2022. (Doc. 29). The court specifically cautioned Plaintiff that it would treat his failure to file a response as an abandonment of his claims and a failure to prosecute such that the Magistrate Judge would recommend dismissal of the case. (*Id.* at p. 1). Eight months now have passed since the deadline, and Plaintiff still has not filed a response as directed.

The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See, e.g., Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). Such authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. Considering that Plaintiff failed to file a response despite the court's clear admonition, the undersigned finds that sanctions

1

lesser than dismissal would not be appropriate. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, the undersigned RECOMMENDS that this case be DISMISSED without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).

The parties may file written objections to this Recommendation on or before November 22, 2022. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 8th day of November 2022.

/s/ Chad W. Bryan
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**